1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ANTHONY BROOKS,

Plaintiff,

v.

ALZATE, *et al.*,

Defendants.

Case No. 3:20-cv-00135-MMD-CLB

ORDER

## I.    DISCUSSION

Plaintiff Anthony Brooks is a prisoner proceeding *pro se*. On February 27, 2020, Plaintiff initiated this case by submitting a notice of complaint. (ECF No. 1-1.) Plaintiff eventually submitted three civil rights complaints pursuant to 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. (ECF Nos. 4, 5, 8, 10.)

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

On at least three prior occasions, the Court has dismissed civil actions commenced by Plaintiff while in detention for failure to state a claim upon which any relief may be granted.[1] Although these dismissals do not use the term dismissed for failure to state a

---

[1]*See Brooks v. Washoe County Public Defender*, 3:19-cv-00504-MMD-WGC (dismissed on January 27, 2020 for failure to state a claim); *Brooks v. Valentine*, 3:19-cv-00696-MMD-WGC (dismissed on January 27, 2020 for failure to state a claim); *Brooks v. Bryant*, 3:19-cv-00457-APG-CLB (dismissed on February 24, 2020 for failure to state a claim); *Brooks v. Nevada Department of Corrections*, 3:19-cv-00623-MMD-WGC

claim, the Court looks to the substance of the dismissal over the form of the dismissal to determine whether the prior actions "rang the PLRA bells of . . . failure to state a claim." *Harris v. Mangum*, 863 F.3d 1133, 1142 (9th Cir. 2017) (holding that "when we review a dismissal to determine whether it counts as a strike, the style of the dismissal or the procedural posture is immaterial. Instead, the central question is whether the dismissal 'rang the PLRA bells of frivolous, malicious, or failure to state a claim.'") The Court finds that these four cases were in substance dismissed for failure to state a claim and that Plaintiff has at least three strikes under the PLRA.

In his complaints, Plaintiff sues prison officials for failing to deliver his packages to him on November 18, 2019, and January 2, 2020. (ECF Nos. 4, 5, 8.) The Court finds that these allegations fail to plausibly allege that Plaintiff was in imminent danger of serious physical injury at the time of filing. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced an ongoing danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

## II.   CONCLUSION

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* (ECF No. 10) is denied.

It is further ordered that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within 30 days from the date of entry of this Order.

It is further ordered that the Clerk of the Court will send Plaintiff two copies of this Order. Plaintiff will make the necessary arrangements to have one copy of this Order attached to the check paying the filing fee.

///

---

(dismissed on May 29, 2020 for failure to state a claim). The Court takes judicial notice of its prior records in the above matters.

It is further ordered that the Clerk of the Court will retain the complaints (ECF Nos. 4, 5, 8) but will not file them at this time.

DATED THIS 3rd Day of February 2021.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE